UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-21081-RAR

**DAVID LEON ASH, III**,

    Plaintiff,

v.

**JPAY**,

    Defendant.
_____/

## ORDER DISMISSING COMPLAINT UNDER 28 U.S.C. § 1915A

**THIS CAUSE** comes before the Court on Plaintiff's civil rights complaint filed under 42 U.S.C. § 1983. *See* Complaint ("Compl.") [ECF No. 1]. Plaintiff alleges that Defendant JPay, the entity which purportedly maintains the Florida Department of Corrections' ("FDOC") "Inmate Trust Fund," improperly deposited a $1,400.00 economic impact payment (colloquially known as a "stimulus check")[1] into an inaccessible inmate account—effectively depriving Plaintiff of the ability to use this payment. *See id.* at 4–5. After careful review, the Court finds that the Complaint shall be **DISMISSED** since Plaintiff has failed to state a claim upon which relief may granted.

## LEGAL STANDARD

The Court "*shall* review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A (emphasis added). The definition of a "prisoner" includes "any person incarcerated or detained in

---

[1] Under the American Rescue Plan Act of 2021 ("ARPA"), certain "eligible individuals" were entitled to an economic impact payment of $1,400.00. *See* 26 U.S.C. § 6428B(a)–(b); *see also McLaughlin v. United States*, No. 21-CV-345, 2022 WL 522832, at *1 (N.D. Fla. Feb. 22, 2022) ("The ARPA authorized a tax credit of $1,400 against the tax imposed in the case of eligible individuals for the taxable year beginning in 2021.").

any facility who is . . . accused of [or] convicted of . . . violations of criminal law." *Id.* § 1915A(c).  In conducting its screening of a prisoner's complaint, the Court must "dismiss the complaint[] or any portion of the complaint," when it is (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted[;]" or (2) "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).  Similarly, under § 1915(e)(2), "the court *shall* dismiss [a] case *at any time* if the court determines that . . . the action" fails for the same enumerated reasons articulated under § 1915A.  *Id.* § 1915(e)(2)(B) (emphasis added).

To state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).  Under this standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Moreover, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Id.* at 678 (internal quotation marks omitted).

## ANALYSIS

The gravamen of Plaintiff's Complaint is that Defendant is preventing Plaintiff from accessing the stimulus check that he was entitled to under the ARPA.  Plaintiff alleges that, on February 20, 2021, he was released from FDOC custody and given a "gratuity release debit card" that contained $50.00.  Compl. at 3.  After using the $50.00, Plaintiff "discarded the card, per the instructions on the reverse side of the card[.]"  *Id.*  What Plaintiff didn't realize, however, is that FDOC "endorsed" Plaintiff's stimulus check without his knowledge and "then aquired [sic] (or) transferred ($1,400.00) the amount of my stimulus check, over the possession of their related banking agency which is/are JPay."  *Id.* at 4–5 (errors in original).  JPay then used the stimulus

check to replenish the balance on Plaintiff's release debit card—which Plaintiff no longer had access to since he "discarded" the debit card per JPay's instructions. *See id.* at 6 ("The [stimulus check payment] was systematically loaded onto a card that no longer existed."). Plaintiff, who is now once again in the custody of FDOC, has filed several grievances to have the money transferred to his current prisoner inmate account to no avail. *See generally* Grievances [ECF No. 1-1] at 8–13. Plaintiff now requests that the Court order Defendant to "activate (or) replace (or) also transfer [the funds] back into my current inmate trust account." Compl. at 7.

To raise a claim under § 1983, "a plaintiff must demonstrate both (1) that the defendant deprived [him] of a right secured under the Constitution or federal law, and (2) that such a deprivation occurred under color of state law." *Arrington v. Cobb Cnty.*, 139 F.3d 865, 872 (11th Cir. 1998). Although Plaintiff does not identify a constitutional basis for his claim, at least one other court in this Circuit has found that "the right implicated by the deprivation [of a stimulus check] is the denial of due process of law as provided by the Fourteenth Amendment." *Herbert v. Harris*, No. 22-CV-109, 2022 WL 3162191, at *2 (M.D. Ala. Aug. 8, 2022), *report and recommendation adopted*, 2022 WL 3756903 (M.D. Ala. Aug. 30, 2022); *see also Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").

The Fourteenth Amendment of the Constitution's Due Process Clause forbids any State from depriving "any person of life, liberty, or property, without due process of law." *Daniels v. Williams*, 474 U.S. 327, 331 (1986) (quoting U.S. CONST. amend. XIV, § 1). "To successfully assert a Fourteenth Amendment procedural due process claim under § 1983, a plaintiff must establish that (1) the defendant deprived him of a liberty or property interest protected by the Constitution; (2) the deprivation occurred under color of state law; and (3) he was not provided with constitutionally adequate process to redress the harm." *Mines v. Barber*, 610 F. App'x 838,

840 (11th Cir. 2015) (citing *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003)).  In other words, a state actor's "continued retention of plaintiff's personal property" will not violate the Constitution so long as "a meaningful postdeprivation remedy for the loss is available."  *Lindsey v. Storey*, 936 F.2d 554, 561 (11th Cir. 1991) (quoting *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)).  The Supreme Court has also held that "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property."  *Daniels*, 474 U.S. at 328.

Even if the Court assumes that JPay acted under color of state law, the Complaint does not allege a cognizable procedural due process violation since there is "a meaningful postdeprivation remedy" available to Plaintiff.  It is true that Plaintiff has apparently tried (unsuccessfully) to have the stimulus check credited to his inmate trust account using the FDOC's grievance system.  *See* Grievances [ECF No. 1-1] at 8–13.  Notwithstanding this failure, however, Plaintiff has yet another available recourse under state law.  Section 768.28(1) of the Florida Statutes "waives sovereign immunity for liability for torts" and allows an aggrieved party to seek monetary damages "against the state or its agencies or subdivisions for injury or loss of property[.]"  Fla. Stat. § 768.28(1) (emphasis added); *see, e.g.*, *E.J. Strickland Constr., Inc. v. Dep't of Agric. & Consumer Servs. of Fla.*, 515 So. 2d 1331, 1335 (Fla. 5th DCA 1987) ("[L]aw enforcement officers may be liable [under Fla. Stat. § 768.28(1)] based on their wrongful seizure of an individual's personal property.").  The Eleventh Circuit has repeatedly held that § 768.28(1) is a "meaningful remedy" which precludes a § 1983 plaintiff from raising a procedural due process claim based on the deprivation of property by state actors.  *Weaver v. Geiger*, 294 F. App'x 529, 532–33 (11th Cir. 2008); *see also Econ. Dev. Corp. of Dade Cnty., Inc. v. Stierheim*, 782 F.2d 952, 955–56 (11th Cir. 1986) (holding that Fla. Stat. § 768.28 is "an adequate state law remedy for any harm unlawfully caused" by the State of Florida or its agents); *Loor v. Bailey*, 708 F. App'x 992, 994–95 (11th Cir.

2017) ("Loor had a post-deprivation remedy to challenge the loss of property under Florida law. The existence of § 768.28 provides Loor with a meaningful, post-deprivation remedy to challenge the loss of property." (internal citations omitted)). Since Fla. Stat. § 768.28(1) provides Plaintiff with a "meaningful postdeprivation remedy for [his] loss," he has failed to state a procedural due process claim against Defendant under § 1983. *Lindsey*, 936 F.2d at 561.[2]

## CONCLUSION

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that the Complaint [ECF No. 1] is **DISMISSED** for failure to state a claim upon which relief may be granted. All pending motions are **DENIED** as moot and all deadlines, if any, are **TERMINATED**. This case is **CLOSED**.

**DONE AND ORDERED** in Miami, Florida, this 27th day of March, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc:   David Leon Ash, III
      DC # 366534
      Polk Work Camp
      Inmate Mail/Parcels
      10800 Evans Road
      Polk City, FL 33868
      PRO SE

---

[2] Since Plaintiff cannot amend his Complaint to state a cognizable procedural due process claim against Defendant, the Court will not provide Plaintiff with an opportunity to amend since doing so would be futile. *See Bryant v Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).